500 P.3d 381
In the MATTER OF Judge Debra M. GUNKEL
Supreme Court Case No. 20SA409 Supreme Court of Colorado.
May 13, 2021
Appearing for the Colorado Commission on Judicial Discipline: William J. Campbell, Executive Director, Denver, Colorado
Attorneys for Judge Debra M. Gunkel: Recht Kornfeld, P.C., Abraham V. Hutt, Denver, Colorado
Attorneys for Complainant The People of the State of Colorado: Philip J. Weiser, Attorney General, Ashley E. Moller, First Assistant Attorney General, Denver, Colorado
En Banc
Order re: Recommendation of the Colorado Commission on Judicial Discipline and Public Censure
PER CURIAM.
¶1 Judge Debra M. Gunkel, you appear before this Court for imposition of discipline based upon violations of the duties of your office as a Baca County Court Judge. The Colorado Commission on Judicial Discipline ("the Commission") recommends approval of the Stipulated Disposition ("the Stipulation"), which you and the Commission executed pursuant to Rules 36(e) and 37(c) of the Colorado Rules of Judicial Discipline ("RJD"). Consistent with the Stipulation, the Commission recommends that this Court accept your retirement and impose the additional sanction of public censure. You do not object to the recommendation.
¶2 In the Stipulation, you and the Commission agreed to the following facts:
1. You have been serving as a 20% part-time Baca County Judge.
2. On January 14, 2018, you were charged in Case No. 2018T54 with driving under the influence of alcohol ("DUI") in Prowers County. Upon your arrest, your preliminary blood alcohol content ("BAC") was 0.137. According to the arrest report, you told the two arresting officers that you were a judge and asked if they could just take you home.
3. On November 9, 2018, you entered a plea of guilty to DUI and careless driving. You were fined $100 for careless driving. On the DUI charge, you received a deferred sentence of two years involving probation, community service, and abstention from alcohol. You served a period in which your driver's license privilege was revoked, followed by a requirement that, for two years, you could only operate vehicles equipped with an ignition interlock device that would monitor your BAC.
4. On August 17, 2019, you were arrested in Kansas and charged with DUI. In noting the restriction on your driver's license, the arresting officer also charged you with failure to have an interlock device operating in your vehicle. Your preliminary BAC registered 0.164. According to the sheriff's narrative supporting the arrest, you stated that you were a judge and asked if your husband could come get you. The charges in connection with that incident were filed in Greeley County, Kansas Case No. 2019TR89.
5. In light of concerns about whether litigants might question your impartiality and fairness in cases involving DUI charges and probation revocation complaints, the Chief Judge in the 15th Judicial District ordered that no DUI or probation revocation cases would be assigned to you.
6. On May 7, 2020, with a senior judge from outside Prowers County presiding over the proceedings, you admitted that your DUI incident in Kansas violated the terms of the Prowers County deferred sentence. The judge then revoked your deferred sentence and entered a conviction for DUI. You were thereafter sentenced to forty-eight hours of public service, an alcohol evaluation, probation, and payment of fines and fees totaling $1,924.50.
7. On June 8, 2020, you pled guilty to and were convicted of DUI - second offense under Kansas law. On June 22, 2020, you were sentenced to twelve months of supervised probation; 90 days in jail, which were suspended upon completion of 48 consecutive hours of confinement and 120 hours of house arrest; and ordered to pay fines and fees totaling $1,903.00.
You agreed in the Stipulation to waive your right to a hearing in formal proceedings and to an appeal. You also agreed to retire from your judicial office no later than three days following the filing of the Stipulation with this Court. The Stipulation further provides that, in addition to your retirement, there will be one other sanction: the Commission will recommend that this Court publicly censure you and you will not object to that recommendation.
¶3 RJD 37(e), titled "Stipulated Resolution of Formal Proceedings," allows the Commission to file a "stipulated resolution" as a recommendation to this Court in a disciplinary proceeding. In filing such a stipulation, the Commission has authority to recommend, among other possible sanctions, that this Court "[r]eprimand or censure the Judge publicly ... by written order." RJD 36(e); accord Colo. Const. art. VI, § 23 (3)(f) ("Following receipt of a recommendation from the commission, the supreme court ... shall order removal, retirement, suspension, censure, reprimand, or discipline, as it finds just and proper ...."). Under RJD 40, after considering the evidence and the law, this Court is required to issue a decision concerning the Commission's recommendations. If the Commission recommends adoption of a stipulated resolution, "the Court shall order it to become effective and issue any sanction provided in the stipulated resolution, unless the Court determines that its terms do not comply with Rule 37(e) or are not supported by the record of proceedings." Id .
¶4 Upon consideration of the law, the evidence, the record of the proceedings, the Stipulation, and the Commission's recommendation, and being sufficiently advised in the premises, this Court concludes that the terms of the Stipulation comply with RJD 37(e) and are supported by the record of the proceedings. This Court agrees that public censure is the appropriate additional sanction in light of the nature and gravity of the underlying offenses. Therefore, this Court orders the Stipulation to become effective and issues the following public censure as an additional sanction.
¶5 This Court hereby publicly censures you, Judge Debra M. Gunkel, for failing to maintain the high standards of judicial conduct required of a judge; for violating Canon Rule 1.2, which requires that a judge, at all times, shall act in a manner that promotes public confidence in the judiciary; and for violating Canon Rule 1.3, which prohibits a judge from abusing the prestige of the judicial office.1 Further, the Court accepts your retirement as a Judge in the Baca County Court.
1 Pursuant to RJD 6.5(a) and RJD 37(e), the Stipulation, the Commission's recommendation, and the record of proceedings became public when the Commission filed its recommendation with this Court.